UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patricia Vylasek et al., | Civil No. 15-1515 (PJS/FLN) |
| Plaintiffs, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Mortgage Electronic Registration Services, Inc. et al., | |
| Defendants. | |

Patricia Vylasek and John Vylasek, *pro se*, for Plaintiffs.
Jared Kemper for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on Defendants' motion to dismiss (ECF No. 4).[1] The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636. Order, ECF No. 12. For the reasons set forth below, the Court recommends that Defendants' motion be **GRANTED** and Plaintiffs' complaint be **DISMISSED WITH PREJUDICE**.

## I. FINDINGS OF FACT

**A.    Factual background**

Plaintiffs John and Patricia Vylasek reside at 10962 Goose Lake Road, Champlin, MN 55316 (the "Property"). Compl. ¶ 1, ECF No. 1-1. On March 12, 2007, John Vylasek executed a promissory note in favor of Defendant First Magnus Financial Corp. ("FMF") for $770,000 (the

---

[1] Plaintiffs have also filed motions for a temporary restraining order (ECF No. 16) and for a preliminary injunction (ECF No. 18), seeking this Court to stay foreclosure proceedings by Defendants. Thereafter, a stipulation signed by both parties was filed where Defendants agreed to stay any foreclosure proceedings pending the final disposition of this case, and Plaintiffs agreed to withdraw their two motions. Stip., ECF No. 20. The Court grants this stipulation.

"Note"). *Id.* ¶ 11, Ex. B. The Note was secured by a mortgage on the Property, executed by Plaintiffs (the "Mortgage"). *Id.* ¶ 12, Ex. C. The Mortgage was dated March 12, 2007, and it was recorded on April 10, 2007. *Id.* Ex. C. Defendant Mortgage Electronic Registration Services, Inc. ("MERS"), as nominee for FMF, was the mortgagee of record. *Id.* According to the terms of the Mortgage, Plaintiffs mortgaged, granted, and conveyed to MERS, and its successors and assigns, the power of sale of the Property. *Id.*

Plaintiffs' Complaint alleges that following the closing of the Note and Mortgage, FMF sold the Note to Defendant Residential Funding Company LLC ("RFC") and to Defendant Deutsche Bank Trust Company Americas ("Deutsche Bank"), as trustee, pursuant to the Special Purpose Vehicle RALI Series 2007OQH4 Pooling and Servicing Agreement, dated April 1, 2007 (the "PSA"). *Id.* ¶ 14, Ex. D. Thereafter, Plaintiffs allege that RFC conveyed the Note to Residential Accredit Loans Inc. on April 2, 2007 pursuant to the PSA. *Id.* ¶ 18.

On February 2, 2011, MERS assigned all rights, title, and interest in the Mortgage to Defendant Aurora Loan Services LLC ("Aurora"). *Id.* ¶ 23, Ex. E. This assignment was recorded on February 10, 2011. *Id.* Ex. E. Aurora then assigned the Mortgage to Defendant Nationstar Mortgage, LLC ("Nationstar") on June 25, 2012, and this assignment was recorded on December 27, 2012. *Id.* ¶ 27, Ex. F.

**B.  Procedural history**

Defendants were served with Plaintiffs' Complaint on February 25, 2015 and thereafter removed the action to federal court on March 16, 2015. Notice of Removal, ECF No. 1. The Court concludes, after a liberal reading of Plaintiffs' *pro se* Complaint, that Plaintiffs allege three general claims. First, Plaintiffs claim that FMF and MERS breached their contract with Plaintiffs by failing to release their security interest in the Property after they received full payment for all sums due

2

under the Note. Compl. ¶¶ 33–36. Second, Plaintiffs claim that MERS slandered the Property's title by recording its assignments of the Mortgage. *Id.* ¶¶ 37–40. Finally, Plaintiffs seek a declaration that the assignments of the Mortgage and the sales of the Note were invalid and that Defendants cannot enforce the Mortgage. *Id.* ¶¶ 41–55.

Defendants have now moved to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Mot. to Dismiss, ECF No. 4. According to Defendants, Plaintiffs' breach of contract claim should be dismissed because (1) Plaintiffs have not alleged that they paid all sums due under the Note, (2) the claim is a variation of the "show me the note" theory, and (3) Plaintiffs have failed to plead any damages. Mem. in Supp. of Mot. to Dismiss 2, ECF No. 6. Additionally, Defendants argue that Plaintiffs' slander of title claim is inadequately pled and that Plaintiffs are not entitled to a declaratory judgment as a matter of law. *Id.* at 12–13. In response, Plaintiffs argue that their factual allegations support their claims and that Defendants' motion should be denied. *See generally* Opp'n Mem., ECF No. 14.

## II. STANDARD OF REVIEW

In analyzing the adequacy of a complaint under Rule 12(b)(6), the Court must construe the complaint liberally and afford the plaintiff all reasonable inferences to be drawn from those facts. *See Turner v. Holbrook*, 278 F.3d 754, 757 (8th Cir. 2002). For the purpose of a motion to dismiss, facts in the complaint are assumed to be true. *In re Navarre Corp. Sec. Litig.*, 299 F.3d 735, 738 (8th Cir. 2002). Nevertheless, dismissal under Rule 12(b)(6) serves to eliminate actions that are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *See Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

To avoid dismissal, a complaint must allege facts sufficient to state a claim as a matter of law and may not merely state legal conclusions. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133

F.3d 649, 651 (8th Cir. 1998). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must contain enough facts to state a claim for relief that is "plausible on its face," and a claim has facial plausibility only when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 570; *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it calls for more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

### III. CONCLUSIONS OF LAW

**A.      Breach of contract**

To establish a claim for breach of contract under Minnesota law, a plaintiff must prove "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant." *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011). Defendants claim that Plaintiffs' breach of contract claim should be dismissed because Plaintiffs failed to plead that they paid all sums due under the Mortgage as a condition precedent to Defendants' obligation to release their interest in the Property. ECF No. 6 at 6. The Court agrees.

> Covenant 23 of the Note states:
>
> **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

Compl. Ex. C, ECF No. 1-1. According to this Covenant, Plaintiffs argue, FMF and MERS had a contractual obligation to release their security interest in the Property when it received payment for

4

all outstanding sums on the Note. Compl. ¶ 35. Plaintiffs claim that FMF and MERS received the outstanding amount due on the Note when it sold the Note to RFC and Deutsche Bank via the PSA. *Id.* ¶¶ 14–15. Accordingly, FMF and MERS were in breach of their contract with Plaintiffs when they failed to release their security interest in the property once they received payment for the Note from RFC and/or Deutsche Bank. *See* ECF No. 15, ¶ 13. Plaintiffs' claim, however, is without merit.

Plaintiffs have not alleged in their Complaint that they, or anyone on behalf of Plaintiffs, in fact paid the sums outstanding on the Note. Indeed, as stated above, Plaintiffs have only alleged that the Note was paid off when FMF sold the Note to RFC and Deutsche Bank pursuant to the PSA. This sale did not, however, satisfy Plaintiffs' *own* obligation to repay the amount they promised to pay on the Note. If any payment was exchanged between FMF and RFC or Deutsche Bank, such payment was in consideration of the transfer of the Note. In other words, when RFC and/or Deutsche Bank purchased the Note from FMF, they purchased the beneficial interest that FMF held in the Note. This payment was not, however, for the purpose of paying off Plaintiffs' financial obligation under the Note. Indeed, Plaintiffs acknowledged in a 2013 bankruptcy petition in the District of Minnesota that Nationstar held a first mortgage on the Property with an amount owing of $922,653.[2] *See* Kemper Decl. Ex. C, ECF No. 7. Accordingly, the Court concludes that Plaintiffs cannot state

---

2

    Generally, when the Court considers matters outside of the pleadings, a Rule 12 motion to dismiss should be converted to a motion for summary judgment. *Little Gem Life Scis., LLC v. Orphan Medical, Inc.*, 537 F.3d 913, 916 (8th Cir. 2008). The Court, however, "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 183 F.3d 1077, 1079 (8th Cir. 1999). The bankruptcy petition is a public record and therefore may be considered by the Court on a motion to dismiss. *See, e.g.*, *E.E.O.C. v. Apria Healthcare Grp., Inc.*, 222 F.R.D. 608, 610 n.1 (E.D. Mo. 2004) (finding that a bankruptcy petition is a public record); *Cohen v. Nw. Growth Corp.*, 385 F. Supp. 2d 935, 965 (D.S.D. 2005) (taking judicial notice of a petition for bankruptcy because it was a public record).

5

a claim for breach of contract because they have failed to first pay the outstanding amount due on the Note, a condition precedent to Defendants' obligation to release their security interest on the Property.

Plaintiffs additionally appear to argue that Defendants cannot foreclose on the Property because the Note and the Mortgage are no longer held by the same entity. *See, e.g.*, Compl. ¶ 16 (claiming that RFC failed to re-contract with Plaintiffs by perfecting a new mortgage when it purchased the Note); *id.* ¶ 20 (stating that there is no evidence that the "enforcement rights" were transferred with the Note). To the extent Plaintiffs claim Defendants breached their contract because the Note and Mortgage are no longer possessed by the same entity, that argument has been explicitly rejected by both the Minnesota Supreme Court and the Eighth Circuit. *See Stein v. Chase Home Finance, LLC*, 662 F.3d 976 (8th Cir. 2011); *Jackson v. Mort. Elec. Registration Sys., Inc.*, 770 N.W.2d 487 (Minn. 2009).

Because Plaintiffs have failed to adequately allege any breach of contract claim against Defendants, Count I of Plaintiffs' Complaint must be dismissed.

**B.     Slander of title**

To establish slander of title, Plaintiffs must show that (1) there was a false statement concerning the real property owned by the plaintiff; (2) the false statement was published to others; (3) the false statement was published maliciously; and (4) the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages. *Paidar v. Hughes*, 615 N.W.2d 276, 279–80 (Minn. 2000). In a slander of title claim, "[t]he element of malice requires a [r]eckless disregard concerning the truth or falsity of a matter . . . despite a high degree of awareness of probable falsity or entertaining doubts as to its truth." *Brickner v. One Land Dev. Co.*, 742 N.W.2d 706, 711–12 (Minn. Ct. App. 2007). In other words, malice requires the

6

disparaging statements be made without a good faith belief in their truth. *See Smith v. Toomey*, No. C6-95-2589, 1997 WL 526316, at *2 (Minn. Ct. App. Aug. 26, 1997). Therefore, a slander of title claim will fail if the party acts in good faith and records an instrument that it has a right to file. *Navickas v. Quilling*, No. A10-145, 2010 WL 5290552, at *6 (Minn. Ct. App. Dec. 28, 2010) (citing *Kelly v. First State Bank of Rothsay*, 177 N.W. 347, 347–48 (Minn. 1920)).

Plaintiffs claim that Defendants slandered title to the Property by recording false assignments of the Mortgage. Compl. ¶ 39. Specifically, Plaintiffs argue that MERS could not record an assignment of the Mortgage because it did not also own the Note. *Id.* ¶ 39(b). These false assignments have, according to Plaintiffs, caused them "financial, emotional, and special damages." *Id.* ¶ 39(d). In response, Defendants state that Plaintiffs' slander of title claim fails because "there is no allegation of malice beyond pure speculation." ECF No. 6 at 12. Plaintiffs seem to acknowledge this, as they request in their opposition memorandum a chance to amend their complaint in order to adequately plead their slander of title claim. ECF No. 14 ¶ 25. After reviewing the record, the Court concludes that Plaintiffs' slander of title claim fails as a matter of law, and any attempt to amend the Complaint to adequately plead a slander of title claim would be futile.

First, taking the facts alleged in the Complaint to be true, there are no allegations that demonstrate that Defendants made a false statement when they recorded assignments of the Mortgage. Plaintiffs seem to allege that the assignments were invalid because MERS did not hold the Note when it assigned the Mortgage. *See* Compl. ¶ 39(b). However, it is well-established under Minnesota law that a mortgage is valid even if the mortgagee does not also hold both the promissory note and the mortgage. *Jackson*, 770 N.W.2d at 489–90. Accordingly, even though MERS may not have held title to the Note when it assigned the Mortgage to Aurora, that fact did not make the assignment invalid. *See Cervera v. MERS, Inc.*, No. 13-954, 2014 WL 538779, at *9 (stating that

7

MERS, as mortgagee, had power to assign the mortgage even though it did not hold the note); *see also* ECF No. 1, Ex. C (stating that MERS had the power to assign the Mortgage). Plaintiffs cannot, therefore, establish the first element of slander of title. *See Nivickas*, 2010 WL 5290552, at *8 (stating that a slander of title claim fails if the party records an instrument that the party has a right to file); *see also Cervera*, 2014 WL 538779, at *10 (holding slander of title claim invalid when the only allegations supporting the claim were an allegedly false assignment of the mortgage based on the fact that mortgagee did not also hold the promissory note).

Second, even assuming that Plaintiffs could show that Defendants published a "false statement," there are no allegations in the Complaint that Defendants acted with malice when the assignments of the Mortgage were published. As stated above, malice requires a reckless disregard concerning the truth or falsity of the matter. *Brickner*, 742 N.W.2d at 711–12. Nothing in the Complaint supports a finding that Defendants acted with reckless disregard when they recorded the assignments of the Mortgage. Indeed, the documents attached to Plaintiffs' Complaint show that the entities entered into formal contractual assignments of the mortgage, which were then recorded. *See* Compl. Exs. E and F. Plaintiffs have alleged no facts suggesting that Defendants were aware that the assignments were improper or had any doubts as to the validity of the transfer. *See Brickner*, 742 N.W.2d at 711–12 (stating that malice requires a reckless disregard concerning the truth or falsity of a matter "despite a high degree of awareness of probable falsity or entertaining doubts as to its truth").

Finally, even if Plaintiffs could somehow show that there was a false statement that was published with malice, their claim would still fail as they have not pled any special damages that have resulted from the alleged slander of title. There is nothing in the Complaint that explains how Plaintiffs' situation would have been different from their current situation had the assignments of

the Mortgage never been recorded. Indeed, as discussed *supra*, Plaintiffs have not satisfied the underlying debt that is owed on the Note and are presumably in default. Consequently, the holder of the Mortgage has the right to foreclose on the Property. Plaintiffs would therefore be facing the same situation—foreclosure of the Property—even if the assignments had never occurred.

The Court concludes that Plaintiffs have failed to adequately plead a claim for slander of title, and any attempt to amend their Complaint to adequately plead such a claim would be futile. Count II of Plaintiffs' Complaint must be dismissed.

**C.     Declaratory relief**

A declaratory judgment is a remedy, not a cause of action. *Llapa v. U.S. Bank, NA*, No. 13-1320, 2014 WL 297786, at *10 (D. Minn. Jan. 28, 2014) (citing *Onvoy, Inc. v. ALLETE, Inc.*, 736 N.W.2d 611, 617–18 (Minn. 2007) (a declaratory judgment action may be maintained only where there is a justiciable controversy)). Because Plaintiffs' request for declaratory judgment rests on the same foundation as their dismissed substantive claims, they are not entitled to a declaratory judgment. *See Nelson v. Bank of N.Y. Mellon*, No. 12-1096, 2012 WL 4511165, at *4 (D. Minn. Oct. 1, 2012). Consequently, Plaintiffs' claim for declaratory judgment must be dismissed because there is no legal basis for affording the remedy.

**IV. ORDER AND RECOMMENDATION**

Based upon all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' motion to dismiss [ECF No. 4] be **GRANTED** and Plaintiffs' claims be **DISMISSED WITH PREJUDICE**.

It is also **ORDERED** that the parties' stipulation regarding Plaintiffs' motions for a TRO and preliminary injunction (ECF Nos. 16 and 18) is **GRANTED**. Plaintiffs' motions are withdrawn and Defendants shall stay any foreclosure proceedings pending a final decision in this case. The

Clerk of Court is directed to terminate ECF Nos. 16 and 18.


DATED: July 16, 2015                  <u>s/Franklin L. Noel</u>
                                                      FRANKLIN L. NOEL
                                                      United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 31, 2015**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 31, 2015** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.