UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| PATRICIA VYLASEK and JOHN J. VYLASEK, | Case No. 15-CV-1515 (PJS/FLN) |
| Plaintiffs, | ORDER |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SERVICES, INC.; AURORA LOAN SERVICES, LLC; NATIONSTAR MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC; DEUTSCHE BANK TRUST COMPANY AMERICAS; and DOES I-X, | |
| Defendants. | |

Patricia Vylasek and John J. Vylasek, pro se.

Jared D. Kemper, DYKEMA GOSSET PLLC, for defendants.

Plaintiff John Vylasek borrowed $770,000 from First Magnus Financial Corp. ("First Magnus"). He and his wife (and co-plaintiff) Patricia secured the note by executing a mortgage to defendant Mortgage Electronic Registration Services, Inc. ("MERS"), as nominee for First Magnus. The note was later sold by First Magnus. The Vylaseks now claim that, when First Magnus sold their note to another lender, John's obligation to repay his debt was satisfied. Moreover, the Vylaseks allege that, because John's debt was satisfied, MERS was contractually obligated to release the mortgage.

This matter is before the Court on the Vylaseks' objection to the Report and Recommendation ("R&R") of Magistrate Judge Franklin L. Noel. ECF No. 26. Judge Noel recommends dismissing the Vylaseks' action with prejudice for failure to state a claim. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court overrules the Vylaseks' objection and adopts Judge Noel's R&R. Only three matters merit brief comment:

*First*, the Vylaseks' breach-of-contract claim fails because it is based on a facially ridiculous proposition: that when the original lender sold the *right to receive payments* under the loan, John Vylasek was simultaneously relieved of his obligation to *make* those payments. Under the note, John Vylasek is obligated to repay the $770,000 that he borrowed (plus interest and fees)—and that is true no matter how many times the right to receive those payments is sold. Nowhere in the Vylaseks' complaint do they plead that *they* (or someone acting on their behalf) have made the payments required under the note.[1] And because that fact is not pleaded, the Vylaseks' claim that MERS was obligated to release the mortgage is implausible.

---

[1] In their brief opposing defendants' motion to dismiss, the Vylaseks say that they "did allege they paid all sums due under the mortgage." Pl. Br. ¶ 10(a). But their complaint belies this assertion. In their brief, the Vylaseks also explicitly identify who (they allege) paid First Magnus: "the investors of the RALI 2007-QH4 Trust." Pl. Br. ¶ 13. It is not plausible that the investors of the RALI 2007-QH4 Trust paid First Magnus on the Vylaseks' behalf. Those investors were purchasing the right to receive payments from John Vylasek; if they first relieved John Vylasek of the debt, then their investment would have been instantly worthless.

*Second*, the Vylaseks are correct that the Court must construe their pro se complaint liberally.  Pls.' Obj. R&R 3-4, ECF No. 29; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  But the rule of liberal construction does not exempt the Vylaseks from Rules 12(b)(6).  To survive a motion to dismiss, a pro se complaint "still must allege sufficient facts to support the claims advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); *see also Luther v. Am. Nat'l Bank of Minn.*, 563 F. App'x 503, 503 (8th Cir. 2014) (per curiam); *Abdelfattah v. U.S. Dep't of Homeland Sec.*, 787 F.3d 524, 533 (D.C. Cir. 2015).  Even construing the complaint liberally, the Court agrees with the R&R that the Vylaseks have not pleaded facts sufficient to make their claims plausible.

*Third*, dismissal with prejudice is appropriate because it would be futile to grant the Vylaseks leave to amend their complaint.  "Leave to amend generally is inappropriate . . . where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended complaint would have contained."  *Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009).  The Vylaseks have neither filed a proposed amendment nor suggested what they could plead in an amended complaint that would make their claims viable.  Instead, they assert only that they deserve leave to amend and the chance to take discovery.  Pls.' Obj. 3.  The Vylaseks do not need discovery into whether John Vylasek has made all of the

payments required under the note, and no amount of discovery will save their various iterations of the "show me the note" theory.  Dismissal with prejudice is appropriate.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES plaintiffs' objection [ECF No. 29] and ADOPTS the R&R [ECF No. 26].  IT IS HEREBY ORDERED THAT:

1. Defendants' motion to dismiss [ECF No. 4] is GRANTED.

2. Plaintiffs' complaint is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  January 11, 2016                    s/Patrick J. Schiltz
                                            Patrick J. Schiltz
                                            United States District Judge